STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar No. 242340)
  MPalau@TheMMLawFirm.com
JESSICA JUAREZ (Bar No. 269600)
  JJuarez@ TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California  94612-3547
Telephone: (510) 832-9999
Facsimile:  (510) 832-1101

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ESMERALDA OCAMPO and NORMA CARBAJAL<br><br>Plaintiffs<br><br>vs.<br><br>WEEKS WHOLESALE ROSE GROWER, INC., a Corporation doing business as "Weeks Wholesale Rose Grower" and "Weeks Roses"; and INTERNATIONAL GARDEN PRODUCTS, INC., a Corporation,<br><br>Defendants | CASE NO. (New Filing)<br><br>COMPLAINT FOR:<br><br>1. **Violation of Title VII, 42 USC §2000e**<br>2. **Violation of Cal. Gov. Code §12940**<br>3. **Hostile Work Environment 42 USC §2000e-2(a)**<br>4. **Hostile Work Environment Cal. Gov. Code §12940(j)**<br>5. **Failure to Prevent Discrimination, Cal. Gov. Code § 12940(k)**<br>6. **Wrongful Termination in Violation of California Public Policy**<br>7. **Wrongful Termination in Violation of Federal Public Policy**<br><br>JURY TRIAL DEMANDED |

1. This is an action under Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act, California Government 11 Code §§12940 et seq. (the "FEHA") and

1
Plaintiffs' Complaint for Sex Harassment/Discrimination and Related Claims – JURY DEMANDED

other California statutory and common law theories to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Esmeralda Ocampo and Norma Carbajal (hereinafter "Plaintiffs").  Plaintiffs bring this action against Weeks Wholesale Rose Grower, Inc. doing business as "Weeks Wholesale Rose Grower" and "Weeks Roses" (hereinafter "Weeks Roses"), and against its corporate parent, International Garden Products, Inc. ("International Garden"), collectively referred to hereinafter as "Defendants".

2. Each of the Plaintiffs filed timely charges with the EEOC and received affirmative letters of determination from the Equal Employment Opportunity Commission (EEOC) substantiating their charges. The letters of determination state that:

> The Equal Employment Opportunity Commission (EEOC) finds that there is reasonable cause to believe that Charging Party was sexually harassed because of her gender and discharged in retaliation for having participated in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

3. As described herein, Plaintiffs were subjected to sex-based discrimination and harassment including hostile work environment and quid pro quo.

I.  **JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT**

4. This action includes statutory claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000(e), et seq. As such, jurisdiction is proper under 28 U.S.C. § 1331, 1337, and 1343(a)(4) and other federal provisions.

5. This court should exercise supplemental jurisdiction over the state claims pled herein, under 28 U.S.C. § 1367, because they are so related to the claims in the action over which this Court has original, subject matter jurisdiction, that they arise from the same case or controversy under Article III of the United States Constitution, i.e., from the same discriminatory and retaliatory instances giving rise to the federal claims.

6. Venue is proper under 28 U.S.C. § 1391 because the unlawful practices described

herein have been committed within the geographical boundaries of the Eastern District of California.

7. The case is properly assigned to the Fresno Division of the Eastern District of California pursuant to Local Rule 3-120(d) because the action arose in Kern County, California.

## II. PARTIES

### A. PLAINTIFFS

8. During all relevant times herein, Plaintiffs were "employees" of Defendants' Weeks Roses, located at 30135 McCombs Road Wasco, CA 93280, and each of the Plaintiffs fall within the meaning of "employee" pursuant to Title VII, Cal. Gov. Code § 12926(c); and Cal. Code Regs. tit. 2 § 7286.5(b) and other applicable federal and California statutes, regulations and common law.

9. Plaintiff Esmeralda Ocampo ("Ocampo") is a California resident. At all relevant times, Defendants employed Ocampo as an employee at Defendants' agricultural facilities at, or around, Wasco, California. During her tenure at Defendants' facility, Ocampo was subject to sex-based harassment and hostile work environment and was terminated and/or discriminated against in retaliation for exercising her rights to protect herself pursuant to California and Federal law. Defendants employed Ocampo as a traffic and export coordinator from approximately 2004 to 2007. Soon after beginning her employment with Defendants, Ocampo was subject to sexually harassing conduct from the Human Resources Manager, Ernie Garcia ("Garcia"). Ocampo was subject to almost daily, unwanted sexually explicit commentary from Garcia, who harassed Ocampo both in and out of the office, asking Ocampo out on dates and calling her after work hours and on weekends late at night, proclaiming his love for her and detailing graphically his sexual experiences with other women. Ocampo repeatedly rejected the unwanted sexual advances and sexual statements but Garcia was unrelenting. As a result of this behavior, Ocampo minimized her time in public employee areas and also feared being in areas of proximity with Garcia. Ocampo was terminated in 2007 for not accepting the sexual propositions by Garcia. As a result of Defendants'

employment practices in violation of Title VII, and FEHA, and other federal and California laws, Ocampo has lost money or property and suffered damages.

10. Plaintiff Norma Carbajal ("Carbajal") is a California resident. At all relevant times, Defendants employed Carbajal at their agricultural facilities in, or around, Wasco, California between 2006 and 2008. During her tenure at Defendants' facility, Carbajal was subject to sex-based harassment and hostile work environment and was terminated and/or discriminated against in retaliation for exercising her rights to protect herself pursuant to California and Federal law. Carbajal was subject to unwanted and repeated sexually explicit or suggestive conduct from the Human Resources Manager, Ernie Garcia, that created a hostile work environment. As a result of Defendants' employment practices in violation of Title VII, and FEHA, and other federal and California laws Carbajal has lost money or property and suffered damages.

**B.     DEFENDANTS**

11. Defendant Weeks Roses (located at 30135 McCombs Road Wasco, CA 93280) and International Garden Products, Inc. (located at 20340 SE Highway 212, Damascus, OR 97089) were joint "employers" within the meaning of the Title VII; Cal. Gov. Code § 12926(d) and other applicable federal and California statutes, regulations and common law. Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendants continuously employed 15 or more full-time or regular part-time employees during all applicable time periods.

12. Plaintiff alleges that at all times herein mentioned each of the Defendants were the agent and employees of each of the remaining defendants and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

4
Plaintiffs' Complaint for Sex Harassment/Discrimination and Related Claims – JURY DEMANDED

## III. ADMINISTRATIVE REQUIREMENTS COMPLETED

13. Each of the Plaintiffs, within the appropriate time of their respective adverse employment actions, filed complaints against Defendant with the U.S. Equal Employment Opportunity Commission and the State of California DFEH, received right to sue notices, and filed this action within ninety-days of receipt of those right to sue notices.

## IV. FACTUAL BACKGROUND

14. Esmeralda Ocampo and Norma Carbahal were subjected a continuing violation of the federal and state anti-discrimination statutes, with severe and/or pervasive, hostile working environment harassment, based on their sex. This ongoing harassment significantly altered the conditions of Plaintiffs employment and created an abusive working environment in which they were routinely humiliated and intimidated in the workplace. Plaintiffs were retaliated against based upon their lawful attempts to remedy Defendants' violations.

## V. CLAIMS FOR RELIEF

### A. FIRST CLAIM—VIOLATION OF TITLE VII

(Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16)

15. Plaintiffs hereby incorporate by reference each and every allegation contained in this complaint as though fully set forth herein.

16. Defendants unlawfully discriminated against Plaintiffs based upon their sex (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16.

17. Defendants treated Plaintiffs less favorably than similarly situated male employees, subjecting them to discrimination in their terms and conditions of their employment in violation of Title VII of the Civil Rights Act of 1964, as amended, including but not limited to degrading comments and sexual abuse, retaliation for pursuing their rights under Title VII, sexual harassment, quid pro quo and hostile work environment.

18. Defendants' acts of discrimination against Plaintiffs on the basis of sex were wanton, willful and intentional and were committed with malicious and reckless disregard of the rights and sensibilities of the Plaintiffs by Defendants' Human Resources Manager.

19. As a direct and proximate result of the aforesaid discrimination based on Plaintiffs' sex, Plaintiffs' have sustained a loss of earnings and other benefits. They also have suffered physical injuries and garden variety emotional distress

20. WHEREFORE, Plaintiffs request relief as hereinafter provided

**B. SECOND CLAIM: UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX (CALIFORNIA GOVERNMENT CODE §12940(A))**

21. Plaintiffs hereby incorporate by reference each and every allegation contained in this complaint.

22. At all times material hereto, Defendants owed Plaintiffs a duty not to discriminate against them in the terms and conditions of their employment on the basis of their sex as mandated by the Fair Employment and Housing Act, Government Code Section 12940(a).

23. In violation of the aforesaid duty, Defendants treated Plaintiffs less favorably than similarly situated male employees, subjecting them to discrimination in working conditions, benefits, and in other terms and conditions of their employment including, but not limited to: degrading and vulgar comments, sexually graphic statements suggesting or requesting sexual contact that was unwanted and resulted in Plaintiffs fearing public work spaces and contact with the harasser.

24. Defendants' decisions to take the adverse actions against Plaintiffs including, but not limited to those described in the previous paragraph, were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of Plaintiffs.

25. As a direct and proximate result of the aforesaid discrimination based on sex, Plaintiffs have sustained harm including garden-variety emotional stress and the loss of compensation, including but not limited to, wages and other benefits that they otherwise would

1 have received.

2  26. Defendants, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, and acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights.

27. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof.

28. Plaintiffs are entitled to recover attorneys' fees under Government Code section 12940, et seq. or any other law providing for recovery of attorneys' fees.

29. WHEREFORE, Plaintiffs request relief as hereinafter provided.

### C. THIRD CLAIM FOR RELIEF: HOSTILE ENVIRONMENT SEXUAL HARASSMENT (TITLE VII, 42 U.S.C. § 2000E-2(A))

30. Plaintiffs hereby incorporate by reference each and every allegation of this complaint.

31. This action is brought under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000 et seq. Plaintiffs are women and as such are members of a group protected under Title VII from discrimination on the basis of sex.

32. Defendants violated Plaintiffs rights under Title VII by subjecting Plaintiffs to unwelcome sexual comments and acts and permitting and encouraging a work environment in which Plaintiffs were subjected harassment, discrimination, and intimidation because of their sex, unwelcome sexual advances, unwelcome sexually graphic statements and suggestions or requests for sexual contact and hostile work environment.

33. Plaintiffs did not welcome the conduct described above and advised Defendants, or Defendants knew that such conduct was not welcome.

34. Defendants' aforesaid acts of harassment were wanton, willful and intentional, and were committed with malicious reckless disregard for the rights and sensibilities of Plaintiffs

35. Defendants participated in creating and maintaining a hostile work environment and failed to investigate, stop or prevent the incidents of sexual harassment.

36. As a direct and proximate result of the aforesaid harassment based on sex, Plaintiffs have sustained injury in the form of garden variety emotional distress, and economic damages and lost compensation to be established at trial.

37. The harassment unreasonably interfered with Plaintiffs' attempted to carry out their work assignments and feared public work spaces or proximity with the harasser at the workplace premises.

38. Sexual harassment was sufficiently widespread, pervasive, and prevalent at the workplace of Defendants and at all times pertinent hereto to charge Defendants with constructive notice of it. Defendants failed to properly investigate or take adequate remedial action.

39. Defendants had the power to alter or affect the terms and conditions of the employment of Plaintiffs by taking steps to prevent harassment.

40. Plaintiffs' harassment occurred by Defendants' human resource manager, Ernie Garcia, employee operating within the scope of his employment.

41. Plaintiffs sustained damages attributable to the harassment. Defendants acted with malice and with reckless indifference to Plaintiffs civil rights and emotional and physical well-being.

42. WHEREFORE, Plaintiffs request relief as hereinafter provided.

**D.    FOURTH CLAIM FOR RELIEF: HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT (CALIFORNIA GOVERNMENT CODE § 12940(J)**

43. Plaintiffs hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

44. Plaintiffs are women. Defendants subjected them to unwelcome sexual advances, unwelcome sexual commentary and degrading and humiliating conduct as described above and/or

failed to take steps reasonably calculated to end the sexual harassment of Plaintiffs.

45. Defendants' aforesaid unwelcome sexual comments and acts were so severe or pervasive that they created a hostile work environment and adversely affected the terms and conditions of employment based on their sex, in violation of the Fair Employment and Housing Act, Government Code §12940(j).

46. Defendants' aforesaid acts of harassment were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of Plaintiffs.

47. As a direct and proximate result of the aforesaid harassment based on sex, Plaintiffs have sustained injuries in the form of garden variety emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would have received.

48. Defendants, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs and acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof.

49. Plaintiffs are entitled to recover attorneys' fees under Government Code section 12940, et seq. or any other law providing for recovery of attorneys' fees.

50. Plaintiffs request relief as hereinafter provided.

### E. FIFTH CLAIM—FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(K)

51. Plaintiffs hereby incorporate and re-alleges each of the allegations contained above as though fully set forth herein.

52. Pursuant to California Government Code Section 12940(k), Defendants, and each of them, owed to Plaintiffs the duty to take all reasonable steps necessary to prevent discrimination against Plaintiffs based on their sex.

53. Despite Defendants' knowledge of the above-mentioned discrimination by those

employed by Defendants, Defendants failed to take immediate and appropriate corrective action to stop the discrimination.  Furthermore, before the terminations occurred, Defendants failed to take all reasonable steps to prevent such discrimination from occurring despite being on notice for two years.

54. As a result of Defendants' acts and omissions alleged above, Plaintiffs suffered injuries and damages in an amount according to proof.

55. As a proximate result of Defendants' wrongful conduct, Plaintiffs were caused to suffer, and continue to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to garden variety emotional distress, accrued but unpaid salary and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and the like.

56. Plaintiffs seek their attorneys' fees and costs pursuant to California Government Code Section 12965(b).

### F.  SIXTH CLAIM—FOR WRONGFUL TERMINATION IN VIOLATION OF CALIFORNIA PUBLIC POLICY

57. Plaintiffs re-allege and incorporate the above paragraphs.

58. The public has a fundamental interest in a workplace free from discrimination. This fundamental policy is embodied in the California Constitution, Article I, Section 8. (See also Cal. Gov. Code §§12940 et seq., 12945.2; Cal. Bus. & Prof. Code §§ 17200,17500 et seq.; Civ. Code §§ 1572, 1709, 1710; Penal Code §§ 484, 536; Cal. Lab. Code §1102.5).

59. It is against the public policy of the State of California for employers to discharge employees in a discriminatory manner, harass employees, or retaliate against employees for participating in legally protected activities, and/or opposing any practices forbidden under California Government Code, § 12900 et seq. This fundamental public policy is embodied in the California Government Code, § 12900 et seq. and the California Constitution, Article I, Section 8. (See City of Moorpark v. Sup.Ct., 18 Cal. 4th 1143, (1988)).

60. Plaintiffs in this action filed complaints with the EEOC and suffered adverse employment actions. As set forth above, discrimination was a motivating factor in the adverse employment actions suffered by Plaintiffs.

61. As set forth above, participation in legally protected activities was a motivating factor in the termination, harassment, and retaliation to which Defendant subjected Plaintiffs.

62. The wrongful conduct alleged herein was in contravention to laws protecting employees in the workplace, California's Constitution, and/or the declared and firmly established public interest and public policy of the people of the State of California mandating that all persons have the fundamental right to engage in protected activity and to be free from discrimination, harassment, and retaliation in the workplace.

63. Defendants' wrongful conduct in violation of fundamental public policies has caused Plaintiffs to suffer damages including, but not limited to, loss of income and benefits, garden variety emotional distress, and other damages.

64. In doing the things alleged herein, Defendants' conduct was despicable. Defendants acted toward Plaintiffs with malice, oppression, fraud, and with willful and conscious disregard to Plaintiffs' rights, entitling each Plaintiffs to awards of punitive damages.

### G. SEVENTH CLAIM—FOR RETALIATORY DISCHARGE UNDER FEDERAL PUBLIC POLICY

65. Plaintiffs incorporate the foregoing paragraphs of their Complaint by reference.

66. Throughout the course of their employment, Plaintiffs complained to Defendants about the hostile work environment harassment and discrimination on the basis of their sex.

67. Plaintiffs engaged in protected activity within the meaning of federal and state law, including Title VII and FEHA. Under these laws, it is unlawful to retaliate or to take an adverse employment action because that person has engaged in protected activity, including opposing any practices forbidden by the state or federal anti-discrimination laws.

68. Plaintiffs were capable of performing their positions and performed it satisfactorily,

11
Plaintiffs' Complaint for Sex Harassment/Discrimination and Related Claims – JURY DEMANDED

until they were illegally discharged.  Until the time of their termination and since, Plaintiffs has been capable of performing satisfactorily their work functions required to carry out the duties required by Defendants.

69. Defendants terminated Plaintiffs after they collectively and publically participated in protected activities.  Plaintiffs timely exhausted administrative remedies regarding their retaliatory termination.

70. As a result of Defendants' unlawful retaliatory and discriminatory conduct, Plaintiffs have suffered past and present loss of income and garden variety emotional distress.

71. Plaintiffs are entitled to all attorneys' fees and litigation costs, inter alia, which they have incurred in litigating the retaliatory termination, in addition to backpay, reinstatement or frontpay, compensatory and punitive damages, pre- and post-judgment interest, and all other relief available under the statutes.

72. In doing the things alleged herein, Defendants' conduct was despicable. Defendant acted toward Plaintiffs with malice, oppression, fraud, and with willful and conscious disregard to Plaintiffs' rights, entitling each Plaintiffs to awards of punitive damages.

## VI.  PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. That Defendants' conduct toward Plaintiff, complained of herein be declared and adjudged unlawful, and in violation of the Title VII, and the California Fair Employment and Housing Act;

b. For an award of damages for Plaintiffs arising from loss of past and future income, mental anguish, emotional distress and other damages available under the Title VII and the California Fair Employment and Housing Act;

c. For an order awarding Plaintiffs all appropriate back pay and lost benefits plus interest, and reinstatement to a suitable position and/or front pay;

d.  Exemplary, Punitive and Liquidated damages against Defendants;

e.  All costs and attorney's fees and costs (including contingent fee enhancement beyond lodestar) incurred pursuant to this claim;

f.  For such further injunctive, declaratory, and other relief as the Court deems just and equitable;

g.  For special and economic damages, including back pay and front pay, benefits and for consequential damages, for all causes of action;

h.  For general and non-economic damages for all causes of action;

i.  For prejudgment interest at the prevailing legal rate; and

j.  For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand trial of their claims by jury.

Dated: August 5, 2010

____/s/__Stan Mallison_____
Stan Mallison
Hector Martinez
Marco Palau
Jessica Juarez

Attorneys for Plaintiffs